KM

1

2

3

4

5

6                          **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    Tony Edward Powell,                    )    No. CV 1-08-1443-SMM
                                            )
10              Plaintiff,                   )    **ORDER**
                                            )
11   vs.                                     )
                                            )
12   Warden D. Smith, et al.,                )
                                            )
13              Defendants.                  )
     _____)

14

15        Plaintiff Tony Edward Powell, who is confined in the United States Penitentiary-

16   Atwater in Atwater, California, filed a *pro se* civil rights Complaint pursuant to Bivens v. Six

17   Unknown Narcotics Agents, 403 U.S. 388 (1971) and subsequently filed a First and Second

18   Amended Complaint.  On February 18, 2009, the Court dismissed the Second Amended

19   Complaint with leave to amend.  On March 23, 2009, Plaintiff filed a Third Amended

20   Complaint (Doc. #18).  The Court will order Defendants Smith and McFadden to answer

21   Counts I and II of the Third Amended Complaint and will dismiss the remaining claims and

22   Defendants without prejudice.

23        Plaintiff has also filed a Motion for Reconsideration of the Court's February 18th

24   screening Order (Doc. #16) and a Motion to Expand the Record with respect to the Motion

25   for Reconsideration (Doc. #17).  The Court will deny the Motions.

26   **I.      Motion for Reconsideration and Motion to Expand Record**

27        In his Motion for Reconsideration, Plaintiff appears to ask that the Court reconsider

JDDL  28

its dismissal of Plaintiff's Second Amended Complaint.  Because the Court dismissed the Second Amended Complaint with leave to amend and because Plaintiff has now filed a Third Amended Complaint, the Court will deny the Motion for Reconsideration.  The Court will deny the Motion to Expand the Record–with respect to the Motion for Reconsideration–as moot.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.   Third Amended Complaint

Plaintiff names the following Defendants in the Third Amended Complaint: Warden Dennis Smith; Regional Director Robert McFadden; Case Manager M. Griggs; Case Manager Pino; Mr. Jurgensen; and Ms. L. Mattri.

Plaintiff raises five grounds for relief:[1]

(I)     Plaintiff's First, Fifth, and Eighth Amendment rights were violated when he and other inmates were subjected to a 60-day lockdown during which they were served frozen, spoiled lunch meat for dinner and lunch, were not permitted to shower or provided hygiene supplies for 11 days, lived in cells with broken plumbing, were denied outside recreation, were denied clean clothes and bedding, and were denied writing supplies;

(II)    Defendant McFadden was aware of the conditions during the lock-down and had authority to stop the conditions, but did not, in violation of the Eighth

---

[1]Plaintiff has numbered his claims I through III and V through VI; Plaintiff has omitted a Count IV.  The Court will refer to the individual Counts as Plaintiff has numbered them.

1   Amendment;

2   (III)   Defendants Griggs, Lyon, and Pino failed to timely process Plaintiff's

3   grievances;

4   (V)   Defendant Mattri refused to provide Plaintiff with medical treatment during

5   the lock-down when he complained of pain in his lower left side and stomach;

6   and

7   (VI)   Plaintiff, a male Muslim, was stripped searched in the presence of female

8   corrections officers, contrary to his religious beliefs and in violation of the

9   First Amendment.

10   Plaintiff seeks money damages.

11   **IV.   Failure to State a Claim**

12   **A.   Count III**

13   In Count III, Plaintiff alleges that Defendants Griggs, Lyon, and Pino failed to timely

14   process Plaintiff's grievances.  An inmate has no free-standing constitutional right to a

15   grievance process.  In <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit

16   held that a prisoner does not have a protected liberty interest in prison grievance procedures.

17   Other circuits have held similarly.  <u>See</u> <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir.

18   1996); <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994), <u>cert. denied</u>, 510 U.S. 1022 (1995);

19   <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991).  Without a liberty interest, Plaintiff has no

20   procedural due process rights at stake.  Accordingly, Plaintiff's allegations that Defendants

21   failed to follow the appropriate grievance procedures fail to state a claim and the Court will

22   dismiss Count III.

23   **B.   Count V**

24   To maintain a claim under the Eighth Amendment based on prison medical treatment,

25   a prisoner must show deliberate indifference to serious medical needs.  <u>Estelle v. Gamble</u>,

26   429 U.S. 97, 104 (1976).  To act with deliberate indifference, a prison official must both

27   know of and disregard an excessive risk to inmate health.  <u>Farmer v. Brennan</u>, 511 U.S. 825,

28   837 (1994).  The official must both be aware of facts from which the inference could be

1   drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id.

2   This subjective approach focuses upon the mental attitude of the defendant.  Id. at 839.

3          "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,

4   1060 (9th Cir. 2004).  In the medical context, deliberate indifference may be shown by (1) a

5   purposeful act or failure to respond to a prisoner's pain or possible medical need and

6   (2) harm caused by the indifference.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

7   (citing Estelle, 429 U.S. at 104).

8          Medical malpractice or negligence is insufficient to establish a violation.  Toguchi,

9   391 F.3d at 1060.  Thus, mere negligence in diagnosing or treating a condition does not

10  violate the Eighth Amendment.  Toguchi, 391 F.3d at 1057.  Also, an inadvertent failure to

11  provide adequate medical care alone does not rise to the Eighth Amendment level.  Jett, 429

12  F.3d at 1096.  A difference in medical opinion also does not amount to deliberate

13  indifference.  Toguchi, 391 F.3d at 1058.  To prevail on a claim involving choices between

14  alternative courses of treatment, a prisoner must show that the chosen course was medically

15  unacceptable under the circumstances and was chosen in conscious disregard of an excessive

16  risk to the prisoner's health.  Id.

17         In Count V, Plaintiff alleges that Defendant Mattri failed to provide him with medical

18  treatment during the lockdown and that he suffered "gnawing . . . pain to the lower left side

19  of his stomach and . . . his urine had an odd . . . odor."  Plaintiff does not allege any injury

20  as a result of the denial of treatment.  Plaintiff has also failed to allege that Defendant Mattri

21  was aware of an excessive risk to Plaintiff's health and failed to act.  Plaintiff's allegations

22  in Count V fail to state a claim and will be dismissed.

23  **C.    Count VI**

24         In Count VI, Plaintiff claims that he was subjected to a strip search in the presence of

25  female corrections officers, in violation of his religious beliefs as a practicing Muslim and

26  therefore in violation of the First Amendment.

27         Prisoners retain the First Amendment right directing that no law shall prohibit the free

28  exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Henderson v.

Terhune, 379 F. 3d 709 (9th Cir. 2004).  To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant burdened the practice of plaintiff's religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interests.  Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008).

Plaintiff has failed to allege that the search was not reasonably related to a legitimate penological interest and has therefore failed to state a claim.  Count VI will be dismissed for failure to state a claim.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff's Eighth Amendment conditions of confinement claims in Counts I and II adequately state a claim against Defendants Smith and McFadden. Although Plaintiff claims Defendants Smith and McFadden also acted in violation of the First and Fifth Amendments, Plaintiff has not alleged facts supporting a First or Fifth Amendment claim in Counts I or II.

**VI.    Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

comply with any order of the Court).

**IT IS ORDERED:**

    (1)    Plaintiff's March 4, 2009 Motion for Reconsideration (Doc. #16) is **denied**.

    (2)    Plaintiff's March 12, 2009 Motion to Expand Records (Doc. #17) is **denied as moot**.

    (3)    Counts III, V, VI; the First and Fifth Amendment claims in Counts I and II; and Defendants Griggs, Lyons, Pino, Jurgenson, and Mattri are **dismissed** without prejudice.

    (4)    Defendants Smith and McFadden must answer the Eighth Amendment claims in Counts I and II.

    (5)    The Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint (Doc. #18), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Smith and McFadden.

    (6)    Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit with the Notice of Submission of Documents: a copy of the Third Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

    (7)    Plaintiff must not attempt service on Defendants and must not request waiver of service.  Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

///
///
///
///
///
///

JDDL

- 6 -

1    (8)    **If Plaintiff fails to return the Notice of Submission of Documents and the**

2    **required documents within 30 days of the date of filing of this Order, the Clerk of Court**

3    **must, without further notice, enter a judgment of dismissal of this action without**

4    **prejudice.** See **Fed. R. Civ. P. 41(b).**

5    DATED this 24th day of June, 2009.

6

7

8                                    Stephen M. McNamee
                                     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28