# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Edward Powell, | No. CV 1:08-1443-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| Warden D. Smith, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Appoint Counsel (Dkt. 27). Plaintiff filed a *pro se* civil rights complaint pursuant to Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971). When conducting statutory screening under 28 U.S.C. § 1915A(a), the Court ordered Defendants Smith and McFadden to answer Counts I and II of the Third Amended Complaint regarding Plaintiff's Eight Amendment conditions of confinement claims. The Court also dismissed the remaining Defendants and claims without prejudice (Dkt. 21, Order dated June 24, 2009). Subsequently, Defendants moved to dismiss this case because of Plaintiff's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) (Dkt. 25). Plaintiff now moves the Court to appoint him counsel (Dkt. 27). The Court will deny Plaintiff's motion.

Plaintiff does not have a constitutional right to appointed counsel in this action, and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1535 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981), overruled on other grounds by, Rand v. Rowland, 154 F.3d 952

(9th Cir. 1998) (en banc); Mallard v. U. S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  The court may appoint voluntary counsel pursuant to 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision."  Id. (citations omitted).  Moreover, the Constitution does not guarantee prisoners the right to effectively litigate their claims.  Lewis v. Casey, 518 U.S. 343, 354 (1996).  While prisoners have a right of access to the courts, this only includes the right to raise a claim before the court.  Id.  Once a prisoner has presented his claims, an inmate has no constitutional right to effectively litigate them.  Id.

Plaintiff contends that his case "meets the threshold requirement or exceptional circumstances for the Court to appoint him an attorney" (Dkt. 27).  Plaintiff submits that his claim is one "clearly being stated in which relief may be granted" and he "cannot effectively pursue his complaint as required by the rules where he has poor comprehension as to what he reads, and lack [sic] legal pedagogy to meets the requirements and expectations of rules 11, and 8 of civil procedure" (Id.).  However, Plaintiff does not elaborate with factual allegations in support of his contention that his case has exceptional circumstances.

The Court first evaluates Plaintiff's likelihood of success on the merits.  Plaintiff alleges that his claim is clearly one in which relief may be granted.  Plaintiff argues that the Court had broad discretion to dismiss frivolous claims during statutory screening, which increases the likelihood of success for his claim. Moreover, Plaintiff alleges that Defendants cannot demonstrate that he has failed to state a claim (Dkt. 27) ("The Defendants cannot make a countervailing challenge that would show that a claim could be stated by the Plaintiff.").  Plaintiff further alleges that Defendants have not responded to his Complaint.  However, Defendants have moved to dismiss Plaintiff's claim, alleging that he has failed to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) (Dkt. 25).  While

1  the motion to dismiss is still pending before the Court, it is a serious challenge to Plaintiff's
2  success on the merits on his claim. At this early stage in the proceedings, the Court cannot
3  make a determination that Plaintiff is likely to succeed on the merits.

4  Next, the Court analyzes Plaintiff's ability to articulate his claims *pro se* in light of
5  the complexity of the legal issues involved. Plaintiff alleges that he cannot effectively pursue
6  his complaint as required by the rules because he has poor reading comprehension and lacks
7  legal training. While the Court understands Plaintiff's situation as an inmate, Plaintiff has
8  articulated his claims in light of the complexity of the legal issues involved. See Terrell, 935
9  F.2d at 1017. Through his own efforts, Plaintiff has filed three amended complaints. The
10 Court does not find the Eighth Amendment legal issues particularly complex, and Plaintiff
11 is in no different a position than other pro se litigants who have brought nearly identical
12 claims. Based on a review of the record in this case, the Court does not find that Plaintiff
13 cannot adequately articulate his claims. Rand, 113 F.3d at 1525. In light of the above, the
14 Court does not find "exceptional circumstances" warrant appointing counsel to Plaintiff. See
15 Terrell, 935 F.2d at 1017.

16 Accordingly,

17 **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (Dkt. 27)
18 is **DENIED** without prejudice.

19 DATED this 2nd day of December, 2009.

Stephen M. McNamee
United States District Judge