IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Edward Powell,            )<br>              Plaintiff,       )<br>vs.                             )<br>Warden D. Smith, et al.,        )<br>              Defendants.      )<br>                                ) | No. CV 1:08-1443-SMM<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Subpoenas (Dkt. 28) and Motion for Abeyance (Dkt. 32). Plaintiff filed a *pro se* civil rights complaint pursuant to Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971). The Court ordered Defendants Smith and McFadden to answer Counts I and II of the Third Amended Complaint regarding Plaintiff's Eighth Amendment conditions of confinement claims. The Court also dismissed the remaining claims and Defendants without prejudice (Dkt. 21, Order dated June 24, 2009). On November 2, 2009, Defendants moved to dismiss this case because of Plaintiff's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) (Dkt. 25). Defendants' motion is still pending before the Court. Subsequently, Plaintiff moved for appointment of Counsel, which the Court denied (Dkts. 27, 30). Plaintiff also moved the Court to subpoena "documents in care and custody of B.O.P. Atwater prison facility" (Dkt. 28). On November 19, 2009, Plaintiff filed his response to Defendants' motion to dismiss. Then, Plaintiff moved to stay this case on December 10, 2009 (Dkt. 32). The Court will deny both Plaintiff's Motion for Subpoenas and Motion for Abeyance.

On November 17, 2009, Plaintiff filed his motion for subpoenas after Defendants moved to dismiss for his failure to exhaust administrative remedies. Pursuant to Federal Rule of Civil Procedure 45, Plaintiff requests "documents in care and custody of B.O.P. Atwater prison facility" (Dkt. 28). However, Plaintiff does not designate what documents he is requesting. Plaintiff states that he needs the documents to oppose Defendants' motion to dismiss for failure to exhaust (Id.) ("The requested document is crucial, where it supports that Plaintiff was hindered from the grievance process, as the defendants admits [sic] that Plaintiff did submit the grievances but failed when not including the BP-9.").

Within days of filing this motion, though, Plaintiff responded to Defendants' Motion to Dismiss. Therefore, Plaintiff does not demonstrate why he needs "documents" in order to respond to Defendants' motion. Moreover, according to Plaintiff, Defendants admit that Plaintiff submitted grievances but failed to include the BP-9. Thus, Plaintiff acknowledges Defendants' allegation that they never received the BP-9. Most importantly, exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because Defendant bears the burden of proving Plaintiff's failure to exhaust, for this reason alone, the Court does not find that Plaintiff's subpoenas are necessary. Thus, the Court denies Plaintiff's motion.

While Plaintiff's Motion for Subpoenas was pending, Plaintiff moved the Court for a stay of this case (Dkt. 32). Because the Court has ruled upon the subpoenas, the Court denies Plaintiff's Motion for Abeyance as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Subpoenas (Dkt. 28) is **DENIED** without prejudice.

///
///
///
///

1 **IT IS FURTHER ORDERED** that Plaintiff's Motion for Abeyance (Dkt. 32) is
2 **DENIED** as moot.
3   DATED this 17th day of December, 2009.

```
                          _____
                          Stephen M. McNamee
                          United States District Judge
```