# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Edward Powell, | ) No. CV 1:08-1443-SMM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Warden D. Smith, et al., | ) |
| Defendants. | ) |

Before the Court is Plaintiff's Motion for Reconsideration (Dkt. 34) regarding the Court's denial of appointment of counsel. Plaintiff filed a *pro se* civil rights complaint pursuant to Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971). Only Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Smith and McFadden remain (Dkt. 21, Order dated June 24, 2009). Defendants' motion to dismiss because of Plaintiff's failure to exhaust administrative remedies is pending (Dkt. 25). Plaintiff moved for appointment of Counsel, which the Court denied on December 2, 2009 (Dkts. 27, 30). Plaintiff now moves for reconsideration of the Court's denial of counsel.

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration may not be used to ask the Court "to rethink what the court had already thought through – rightly or wrongly." See Defenders of Wildlife v. Ballard, 73 F.

Supp. 2d 1094, 1115 (D. Ariz. 1999) (citations omitted).  Rather, such arguments should be directed to the court of appeals.  Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

As the Court discussed in its previous Order, Plaintiff does not have a constitutional right to appointed counsel in this action, and the Court cannot require an attorney to represent him.  See Rand v. Rowland, 113 F.3d 1520, 1535 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981), overruled on other grounds by, Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc); Mallard v. U. S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  Moreover, the court may appoint voluntary counsel only under "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff states that he respects and understands the Court's decision.  Thus, Plaintiff does not allege that the Court committed clear error or the decision was manifestly unjust.  Neither does Plaintiff allege an intervening change in controlling law.  Rather, Plaintiff alleges that reconsideration is warranted because of the complexity of the case.  In addition, he cannot access documents or records needed to support his claim, and he needs assistance in "subpoenaing the log book which is in care of the prison institution from times relevant to the complaint."  However, Plaintiff is in no different a position than other pro se litigants who have brought nearly identical claims.  As the Court stated previously, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Rand, 113 F.3d at 1525.

Plaintiff also alleges that when moving for dismissal because of his failure to exhaust, Defendants failed to attach his BP-1, which he submitted to the Washington, D.C. office.  Plaintiff also requests that the Court assist him in obtaining the log book.  Although his motion is not styled as such, to the extent that Plaintiff moves for reconsideration of the Court's order denying his motion for subpoenas, the Court denies this request.  Plaintiff has not met the requirements for reconsideration.  Moreover, in denying Plaintiff's motion for subpoenas, the Court discussed how the burden of proof is on the Defendants to show that Plaintiff failed to exhaust.  Plaintiff has already filed his opposition to the motion, which the

Court will consider when ruling upon the motion to dismiss. Thus, Plaintiff has articulated his claims.

Finally, Plaintiff alleges that he "seeks appointment of counsel where constraints has [sic] been placed on his access to the court, involving collective maneuvers by federal prison staff . . . in order that [he] may fail in pursuing his civil complaint." Any violation of Plaintiff's right of access to the courts under the First Amendment is not part of this lawsuit, and Plaintiff's current allegation would need to be brought in a new lawsuit. The Court construes Plaintiff's allegation as an argument that newly discovered evidence leads to exceptional circumstances so that the Court should appoint him counsel. Though, the right of access to the courts under the First Amendment is only a right to bring petitions or complaints to federal court. Lewis v. Casey, 518 U.S. 343, 354 (1996); see Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995). It is not a right to discover such claims or even litigate them effectively once filed with a court. Lewis, 518 U.S. at 354. Plaintiff has brought his complaint before this Court, and he has even amended it three times. As Plaintiff has been able to present his claims, Plaintiff has not alleged that he has suffered an actual injury with respect to this litigation. Thus, Plaintiff does not allege any new facts or present any newly discovered evidence warranting reconsideration.

The Court does not find that Plaintiff has met the requirements for reconsideration. Plaintiff is asking the Court "to rethink what the court had already thought through – rightly or wrongly." See Defenders of Wildlife, 73 F. Supp. 2d at 1115 (citations omitted). While the Court understands Plaintiff's situation as an inmate, the Court does not find "exceptional circumstances" warrant appointing counsel to Plaintiff. See Terrell, 935 F.2d at 1017.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 34) regarding the Court's denial of appointment of counsel is **DENIED**.

DATED this 4th day of January, 2010.

Stephen M. McNamee
United States District Judge