# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EDWARD POWELL, | No. 1:08-cv-01443-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| WARREN D. SMITH, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Dennis Smith and Robert McFadden (collectively, "Defendants") Motion to Dismiss (Dkt. 25). Defendants allege that Plaintiff failed to exhaust the prison's grievance procedure under 42 U.S.C. § 1997(e)(a) before commencement of this lawsuit and seek dismissal pursuant to an "unenumerated" Rule 12(b) motion for failure to exhaust administrative remedies.

## BACKGROUND

Plaintiff, Tony Edward Powell (hereafter, "Plaintiff"), is currently an inmate at the United States Penitentiary in Atwater, California, and in the custody of the Bureau of Prisons ("BOP"). Plaintiff filed his first complaint on September 25, 2008 against Warden Dennis Smith and Regional Director Robert McFadden asserting violation of his Eighth Amendment rights when he, and other inmates, were subjected to a 60-day lockdown in Atwater, California. (Dkt. 1, Pl.'s Compl.¶ 2.) During this lockdown, Plaintiff claims he was subject

to inhumane conditions, including cells with broken plumbing and denial of hygienic products. (Id.)

Plaintiff filed his First Amended Complaint on January 6, 2009 (Dkt. 9), a Second Amended Complaint on January 22, 2009 (Dkt. 12), and a Third Amended Complaint on March 23, 2009. (Dkt. 18.) On June 25, 2009, the Court screened Plaintiff's Third Amended Complaint, finding that only Counts I and II consisting of the Eighth Amendment conditions of confinement claims against Defendants Smith and McFadden could proceed. (Dkt. 21 at 5.) Plaintiff demands $150,000.00 in damages from Defendants. (See Third Amended Complaint, Dkt. 18 at 6-10.)

On November 2, 2009, Defendants Smith and McFadden filed a Motion to Dismiss claiming that Plaintiff failed to complete the BOP's prisoner grievance procedures before filing this lawsuit. Furthermore, Defendants dispute Plaintiff's allegation that he handed off his BP-9 grievance form to Correctional Counselor, Stewart Lyons, because Lyons was not working at the time Plaintiff claims he filed the form. (Dkt. 31, Lyons Dec. ¶ 2.) On November 19, 2009, Plaintiff filed his response to Defendants' motion to dismiss, upon which Defendants filed a reply on December 2, 2009.

**STANDARD OF REVIEW**

"The failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment" because "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding that the PLRA administrative exhaustion requirement creates a defense to be raised by defendants and that the documents submitted by state corrections department were insufficient to show inmate's nonexhaustion of the administrative remedies). The Prisoner Litigation Reform Act of 1995 ("PLRA") exhaustion requirement creates an affirmative defense that must be raised by the defendant, who has the

ultimate burden of proof to show nonjudicial remedies exist that claimant did not use. See Jones v. Bock, 549 U.S. 199, 216 (2007); Wyatt, 315 F.3d at 1117-1118.

In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, courts may look to outside factual evidence beyond the pleadings, such as affidavits and supporting materials. Wyatt, 315 F.3d. at 1120. Defendants meet their burden of establishing Plaintiff's nonexhaustion of administrative remedies by showing a complete record of the prison's appeal process and documentation that the prisoner did not complete the process. Id. If the court finds that the plaintiff has failed to exhaust, "the proper remedy is dismissal of the claim without prejudice." Id.

## DISCUSSION

## I. Plaintiff's Exhaustion Requirement under PLRA [42 U.S.C. §1997 (e)(a)]

Under the PLRA, a prisoner is required to "exhaust" the prison's "available" grievance procedure before bringing suit to federal court. 42 U.S.C. §1997 (e)(a). Prisoners must exhaust all remedies that exist within the facility, not just those that meet federal standards, before filing an initial compliant with the court challenging prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006); Vaden v. Summerhill, 449 F.3d 1047, 1050 (2006); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002). Defendants' Motion to Dismiss argues that Plaintiff did not submit his initial Form BP-9 to Stewart Lyons as claimed because Lyons was not working in Plaintiff's unit at that time, and Plaintiff's BP-10 form does not mention a BP-9 having been filed. Furthermore, Defendants argue for dismissal because Plaintiff failed to complete all prison appeal processes before bringing suit in federal court.

### A. "Proper" Exhaustion

Exhaustion must be "proper," meaning a grievant must correctly use all steps the agency sets forth to allow the prison a chance to reach the merits of the issue in an effective manner. Woodford, 548 U.S. at 90-93 (holding that a prisoner failed to exhaust his

administrative remedies under PLRA because he did not complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court). A prisoner must file timely and otherwise procedurally non-defective administrative grievances or appeals to constitute "proper" exhaustion. Id. at 83. Prisoners need comply only with the prison's own grievance procedures to properly exhaust under the PLRA. Jones, 549 U.S. at 218 (holding that exhaustion is mandatory for prisoners bringing suit under PLRA, but that the prisoners are not required to specially plead or demonstrate exhaustion in their complaints).

Here, Defendants must show that Plaintiff failed to properly exhaust all administrative relief by not following procedural steps, not meeting deadlines set by the grievance policy, or not completing all steps in the process. Woodford, 548 U.S. at 88. However, Defendants and Plaintiff are in direct dispute regarding the facts surrounding Plaintiff's execution of grievances.

### 1. Defendant's Burden of Proof regarding Plaintiff's Failure to Follow Grievance Protocol

Defendants argue their records do not indicate Plaintiff filed a Form BP-9 regarding the condition of his confinement, and therefore, Plaintiff has not adequately followed grievance procedure. BOP's Administrative Remedy Program requires that an inmate first present his complaint to the institution staff (Form BP-9), followed by a complaint to the Regional Director (BP-10) if dissatisfied with the response to the BP-9. (Dkt. 25, Burke Decl. ¶ 2.) The final appeal step (BP-11) is with the General Counsel in the Central Office of BOP, upon which the inmate is then deemed to have exhausted all his administrative remedies. (Id.) Defendants state their electronic records show Plaintiff prematurely filed a BP-10 regarding his conditions of confinement complaint on August 20, 2008 because there is no record Plaintiff filed a BP-9 prior. (Dkt. 31, Supp. Decl. ¶2.) Defendants state a direct BP-10 is accepted only if it involves a "sensitive issue," which they did not find in Plaintiff's case, or if it is an appeal of a BP-9. Therefore, Defendants claim Plaintiff failed in not filing

an initial Form BP-9. (Dkt. 25, Burke Decl. ¶ 6.) Furthermore, Defendants assert their records show Plaintiff filed his BP-11 complaint regarding the conditions of confinement on October 3, 2008 without correctly filing a Form BP-9 or Form BP-10. (Dkt. 25, Burke Decl. ¶ 6.)

Plaintiff claims that he submitted, on an undisclosed date, his BP-9 form to Correction Counselor, Steven Lyons, before his submission of Form BP-10. (Dkt. 29, Aff. Powell at 2.) A Warden has 20 days to respond to a BP-9, and once time has passed, the inmate may treat an absence of response as a denial and proceed to the next level of the administrative remedy process. 28 C.F.R. § 542.18[1]. Plaintiff asserts the Warden's non-response after 20 days was his basis for appeal to the Regional Director on Form BP-10. (Dkt. 29, Aff. Powell at 2.) Plaintiff claims that his BP-10 form contains no reference, allegation or indication that a BP-9 was filed because the Warden had not responded to the complaint. (Id.)

Defendants claim that Plaintiff is incorrect regarding his submission of Form BP-9 to Stewart Lyons because Lyons was not working in Plaintiff's unit from June 20, 2008 to September 1, 2008. (Dkt. 31. Lyon Decl. ¶ 3.) Plaintiff alleges the inhumane conditions occurred on June 20, 2008; therefore, his BP-9 should have been filed after June 20, 2008 and before August 20, 2008 (the time he filed Form BP-10).

The documents produced by Defendants, including an affidavit by Correction Counselor Stewart Lyons and Correctional Programs Secretary Cecilia Burks, are inadequate to establish that Plaintiff failed to exhaust BOP's grievance process. Although the affidavits clearly lay out the administrative review process and explicitly state that Plaintiff did not exhaust all his remedies, further factual development of the record is required to prove whether officers failed to follow protocol pursuant to 28 C.F.R. § 542.18 by responding to

---

[1]28 C.F.R. § 542.18 provides in part: "Once filed, response shall be made by the Warden . . . within 20 calendar days . . . if the inmate does not receive a response within the time allotted for reply . . . inmate may consider the absence of a response to be a denial at that level."

- 5 -

Plaintiff's BP-9 within 20 days. In his supplemental affidavit, Plaintiff avows that he did submit a Form BP-9, which did not receive any response.

Defendants offer proof that Plaintiff failed to exhaust the prison's grievance process; however, the factual materials provided are in direct conflict with the factual materials provided by Plaintiff. Because evidence is viewed in the light most favorable to the non-moving party, the Court cannot grant the motion to dismiss on this ground.

**B. "Complete" Exhaustion**

PLRA's exhaustion provision requires a prisoner to complete all administrative remedies before submitting documents to a federal court. Vaden, 449 F.3d at 1050 (holding that a California state prisoner who sent his complaint into district court while his administrative remedies within the prison system were pending did not exhaust all nonjudicial remedies). A case is deemed exhausted by statute only upon completion of all prison grievances. Where a prison inmate brings an action seeking redress for prison conditions, without exhausting his or her administrative remedies, the action must be dismissed. McKinney, 311 F.3d at 1201 (upholding Congress' intent to reduce the quantity of prisoner suits and dismiss frivolous claims by requiring dismissal without prejudice when there is no pre-suit exhaustion). Furthermore, a prisoner's concession to nonexhaustion is a valid ground for dismissal. Wyatt, 315 F.3d at 1120.

**1. Plaintiff Failed to Complete Grievance Protocol before Filing Suit**

Defendants argue for dismissal because Plaintiff failed to complete the grievance process before bringing suit in federal court. In this case, the inmate must complete all appeal processes, from Form BP-9 through Form BP-11, before redress can be sought in federal court. (Dkt. 25, Burke Decl. ¶ 3.) Notwithstanding the fact that Plaintiff may have filed his BP-9 complaint in a correct and timely manner, Plaintiff concedes that he failed to properly exhaust BOP's appeal process regarding the allegedly inhumane treatment during

lockdown, before filing his complaint with the district court on September 25, 2008. (See Third Amended Complaint, Dkt. 18 at 9, ¶ 5.)

Plaintiff does not dispute he submitted his BP-11 on October 3, 2008, which is after he initiated this suit.[2] Plaintiff should have initiated this litigation only after the administrative process ended and upon which his grievances remain unredressed. The Court should uphold the Congressional intent behind PLRA by recognizing that the grievance process must be completed before filing suit. See Wyatt, 548 U.S. at 88-92. Because Plaintiff failed to complete BOP's grievance process by filing his BP-11 after filing suit, Plaintiff's complaint must be dismissed without prejudice.

## CONCLUSION

After construing all allegations of material fact in the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has presented factual allegations that are in direct conflict with Defendants' factual allegations regarding the Form BP-9; therefore, dismissal cannot be granted on that ground. However, because Plaintiff failed to exhaust all administrative remedies by submitting a Form BP-11 before filing suit on September 25, 2008, his complaint must be dismissed because pre-suit exhaustion is an indispensable requirement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Smith and McFadden Motion to Dismiss (Dkt. 25) is **GRANTED.**

///

///

///

---

[2] Defendants failed to attach Plaintiff's Form BP-11 to their motion to dismiss or reply; however, Plaintiff attached a copy of the BP-11 in his Second Amended Complaint, Exhibit B. (Dkt. 12 at 14-18.)

**IT IS FURTHER ORDERED** that Plaintiff's Third Amended Complaint is **dismissed without prejudice.**

DATED this 8th day of February, 2010.

_____
Stephen M. McNamee
United States District Judge