IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Edward Powell,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Warden D. Smith, et al.,<br><br>　　　　Defendants. | No. 1:08-CV-1443-SMM<br><br>**ORDER** |

Before the Court are Plaintiff's (1) Motion to Pursue an Untimely Appeal (Doc. 40), (2) Motion to Reopen the Case (Doc 38), and (3) Motion for Summary Judgment (Doc 44). In his Motion to Pursue an Untimely Appeal, Plaintiff requests a copy of the Court's February 2010 Order. (Doc. 40 at 1). In his Motion to Reopen the Case, Plaintiff asserts that his time to file an appeal should be reopened because he did not learn that his case had been dismissed until November 17, 2010. (Doc. 41 at 1). In his Motion for Summary Judgment, Plaintiff moves the Court to grant summary judgment on his claims now that he has exhausted applicable administrative remedies. (Doc. 42 at 2). After reviewing Plaintiff's motions, the Court issues the following rulings.

**BACKGROUND**

Plaintiff Tony Edward Powell is currently a federal prisoner in the custody of the Bureau of Prisons. On September 25, 2008, Plaintiff filed a Complaint against Warden Dennis Smith and Regional Director Robert McFadden asserting violation of his Eighth Amendment rights when he, and other inmates, were subjected to a 60-day lockdown in Atwater, California. (Doc. 1, Pl.'s Compl. ¶ 2). During this lockdown, Plaintiff claims he was

1 subjected to inhumane conditions, including cells with broken plumbing and denial of
2 hygienic products. (Id.).

3 On February 8, 2010, the Court issued its Order Dismissing Plaintiff's claims for
4 failure to exhaust administrative remedies. (Doc 38). The case was dismissed without
5 prejudice and the Clerk subsequently entered Judgment in favor of Defendants. (Doc. 39).
6 The Docket reflects that both the Court's Order and the Clerk's Judgment were mailed to
7 Plaintiff on that date, but Plaintiff asserts that he never received them.

## DISCUSSION

### I. Plaintiff's Motion to Pursue an Untimely Appeal

Plaintiff asserts that he was not informed of the Court's Order dismissing his case until November 17, 2010. (Doc. 40 at 1). He requests a copy of the Court's "2/25/2010, Order denying his civil complaint." (Id.). The Court issued no Order on February 25, 2010 and therefore will interpret Plaintiff's request as relating to the Court's February 8, 2010 Order. As Plaintiff asserts he did not receive the Order, the Court will grant Plaintiff's Motion.

### II. Motion to Reopen Case

Plaintiff filed a Motion to Reopen the Case pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 41). Plaintiff asserts that he did not have an opportunity to appeal the Court's decision because he did not receive notice of the dismissal Order until November 17, 2010, more than nine months after it was issued.

Federal Rule of Civil Procedure 77 clearly states that lack of notice is insufficient to excuse a parties failure to appeal. Fed. R. Civ. P. 77(d) ("Lack of notice of the entry does not affect the time for appeal or relieve–or authorize the court to relieve–a party for failing to appeal within the time allowed by Federal Rule of Appellate Procedure (4)(a)."). The rule explicitly carves out a sole exception–a motion in compliance with the time constraints of Rule 4(a) of the Federal Rules of Appellate Procedure. Under Rule 4(a), the Court may "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" provided three conditions are satisfied. First, the Court must find that the

- 2 -

moving party did not receive notice under Rule 77(d) within 21 days of its entry. Fed. R. App. P 4(a)(6). Second, the motion to reopen must be "filed within 180 days after judgement or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier." Id. Third, the Court must find that no party would be prejudiced. Id.

The rule establishes a firm outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal. In re Alexander, 197 F.3d 421, 425 (9th Cir. 1999); Fed. R. App. P. 4(a)(6) Advisory Committee Notes for the 1991 Amendment. The time limits provided by Fed. R. Civ. P. 77(d) and Fed. R. App. P. 4(a)(6) are "mandatory and jurisdictional," thus Plaintiff cannot obtain relief under Rule 60(b) that is precluded by Rule 4(a)(6). Alexander, 197 F.3d at 425. Even the fact that a party never received notice under 77(d) does not excuse failure to comply with the 180 day limit. Alexander, 197 F.3d at 425; Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 359 (8th Cir. 1994) ("[D]istrict courts no longer have the discretion to grant motions to reopen the period for appeal [on motions] that are filed outside that specific period, even if the appellant does not receive notice until that period has expired.").

Plaintiff's allegations that he did not receive notice of the judgment until November 17, 2010 satisfy the first condition of Rule 4(a)(6). However, The Court cannot grant the requested relief as Plaintiff's Motion to Reopen was clearly filed outside of the 180 day outer limit. See Fed R. App. P. 4(a)(6). The Court's Order (Doc. 38) and the Clerk's Judgment were entered on February 8, 2010. Therefore, under Rule 4(a), Plaintiff was required to file any motion to reopen the time for appeal by August 7, 2010. After that date, Rule 4(a) limits the Court's jurisdiction. Alexander, 197 F.3d at 425-26. Here, Plaintiff failed to file his Motion until 297 days after the Court issued its Order. (See Doc. 41). Plaintiff's Motion is therefore improper. Plaintiff's status as a prisoner does not excuse his failure to comply. While a pro-se prisoner cannot check an electronic docket on a daily basis, he can, during the course of a six month period, ascertain the status of his case.

Finally, the Court specifically dismissed Plaintiff's claims without prejudice. (Doc 38). Plaintiff need not reopen his case. Instead, provided the statute of limitations have not

1  run, he may simply re-file his complaint after exhausting his administrative remedies.

2  **III. Plaintiff's Motion for Summary Judgment.**

3  On June 14, 2011, Plaintiff moved the Court for Summary Judgment or in the
4  Alternative to Certify a Class Action. (Doc. 44). As Plaintiff has no claims currently before
5  the Court, the Court must deny Plaintiff's Motion.

6  Accordingly,

7  **IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion to Pursue an Untimely
8  Appeal (Doc. 40) to the extent it requests a copy of the Court's February 8, 2010 Order. The
9  Clerk is directed to mail Plaintiff a copy of the Order.

10  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Reopen the Case (Doc 41)
11  is **DENIED**.

12  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc
13  44) is **DENIED**.

14  **IT IS FURTHER ORDERED** that Plaintiff's Motion for a Thirty-day Extension of
15  Time (Doc. 43) is **DENIED**.

16  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct a Misnomer (Doc.
17  45) is **DENIED**.

18  DATED this 26th day of September, 2011.

Stephen M. McNamee
United States District Judge