# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Edward Powell, | No. 1:08-CV-01443-SMM |
| Plaintiff, | |
| vs. | **ORDER** |
| Warden D. Smith, et al., | |
| Defendants. | |

On February 8, 2010, the Court dismissed this case due to Plaintiff's failure to properly exhaust his administrative remedies prior to filing this pro se civil rights Complaint based on Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). (Doc. 38.) On December 2, 2010, Plaintiff moved to reopen the case asserting that he did not receive this Court's Judgment Order until November 17, 2010, and, therefore, was not able to timely appeal. (Doc. 41.) Pursuant to Fed. R. App. P. 4(a)(6)(B), the Court denied the motion to reopen as untimely filed outside the 180 day outer limit. (Doc. 46.)

Subsequently, Plaintiff moved for relief in the Ninth Circuit. The Ninth Circuit reviewed Plaintiff's evidence showing that on April 15, 2010, he forwarded correspondence to our clerk's office inquiring about the status of his case. (Doc. 43 at 9; Doc 49 at 3.) Also, on May 24, 2010, Plaintiff again inquired about the status of his case. (Doc. 49 at 6.) Based on this evidence and pursuant to Fed. R. App. P. 4(a)(6), the Ninth Circuit remanded for this Court's determination whether Plaintiff's inquiries on April 15 and May 24, 2010, can be construed as a timely motion to reopen the time to file an appeal.

Fed. R. App. P. 4(a)(6)

Under Rule 4(a)(6), the district court may extend the time to file a notice of appeal upon a demonstration that the appellant did not receive notice under Fed. R. Civ. P. 77(d) of the judgment within 21 days of its entry and that no party would be prejudiced. When the motion to reopen has been filed within 180 days after entry of judgment or within 7 days after the moving party receives notice of the entry, whichever is earlier, the district court may reopen the time to file an appeal for a period of 14 days. Rule 4(a)(6).

Rule 4(a)(6) was adopted to reduce the risk that the right to appeal will be lost through a failure to receive notice. See Nunley v. City of Los Angeles, 52 F.3d 792, 795 (9th Cir. 1995). Regarding Fed. R. Civ. P. 77(d), "Serving Notice of an Order or Judgment," in Nguyen v. Southwest Leasing and Rental Inc., 282 F.3d 1061, 1066 (9th Cir. 2002), the court discussed Rule 77(d) quoting the advisory committee, as follows:

> Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants.

Id. (quoting Rule 77(d), Advisory Committee's Note). Implicit in Rule 77(d) "is the notion that parties have a duty to inquire periodically into the status of their litigation." Nguyen, 282 F.3d at 1066.

Discussion

The issue on remand is controlled by United States v. Withers, 638 F.3d 1055, 1061 (9th Cir. 2011). In Withers, the court first reiterated circuit practice of liberally construing pro se litigants' filings as the appropriate motion or notice that is necessary for the litigants to pursue their legal claims on appeal. Id. The court then went on to find that a pro se "notice of appeal" should have been construed as a timely motion to reopen the time to file an appeal. Id. In the context of Rule 4(a)(6), the court went on to hold that "[w]here a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court should reopen the time to appeal due to the party's failure to learn independently of the entry of

1  judgment. Id. at 1061-62 (citing Nunley, 52 F.3d at 796, 798).

2  Applying Withers and Rule 4(a)(6) to the facts at issue here, the Court finds that
3  Plaintiff's pro se correspondence with our clerk's office inquiring about the status of his case
4  may be construed as a timely motion to reopen the time to file his appeal. Based on
5  correspondence received on April 15 and May 24, 2010 (Doc. 43 at 9; Doc. 49 at 3, 6), the
6  Court finds that Plaintiff raised a timely motion to reopen the time to file his appeal. See
7  Rule 4(a)(6)(B).

8  The other requirements of Rule 4(a)(6) are not at issue. By implication, Plaintiff
9  would not be inquiring about the status of his case if he had already received notice of this
10 Court's judgment. Therefore, the Court finds that Plaintiff did not timely receive notice
11 under Fed. R. Civ. P. 77(d) within 21 days after entry of judgment. See Rule 4(a)(6)(A).
12 Furthermore, the Court does not find that Defendants will be prejudiced by Plaintiff filing
13 a notice of appeal at this time. See Rule 4(a)(6)(C).

14 Accordingly,

15 **IT IS HEREBY ORDERED GRANTING** Petitioner's Motion to Reopen Time to
16 File an Appeal. (Docs. 43, 49.) The time period for Petitioner to file an appeal is reopened.
17 Plaintiff shall have a period of 14 days from the entry of this Order in which to file a Notice
18 of Appeal.

19 **IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this order
20 on the Clerk of the Court of Appeals of the Ninth Circuit.

21 **IT IS FURTHER ORDERED** that Plaintiff's motion under the rule of equity for
22 good cause (Doc. 53), Plaintiff's motion to show cause (Doc. 54), Plaintiff's motion to
23 compel answer from Defendants (Doc. 55), and Plaintiff's motion for counsel (Doc. 56) are
24 **DENIED AS MOOT.**

25 DATED this 29th day of October, 2012.

*/s/ Stephen M. McNamee*
Stephen M. McNamee
Senior United States District Judge